UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M/Y SENSES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01652-JD<br><br>**ORDER GRANTING MOTIONS TO REMAND**<br><br>Dkt. No. 29 |
| JAMES GRUPINSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M/Y SENSES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01660-JD<br><br>Dkt. No. 22 |
| JASON GRUPINSKI, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>M/Y SENSES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01662-JD<br><br>Dkt. No. 23 |

These three related cases are maritime actions that were initially filed in California state court. The actions relate to injuries allegedly sustained by plaintiffs after performing remodeling, refinishing and repainting work onboard a vessel. All three complaints allege causes of action for gross vessel owner negligence, unseaworthiness and other torts.

Defendant M/Y SENSES, LLC removed all three actions to this Court, invoking the Court's diversity jurisdiction. Before the Court are plaintiffs' motions to remand all three cases back to state court. The Court grants the motions.

**DISCUSSION**

The briefing on these motions did much to narrow the gap between the parties and crystallize the issues that are truly in dispute. Among the points on which the parties now agree are that (1) defendant's removal is based solely on diversity jurisdiction grounds, and not on any assertion of federal question jurisdiction; and (2) complete diversity between the parties does exist, because plaintiffs are Nevada citizens and none of the defendants are alleged to be citizens of Nevada. The remaining issue is this one, as was appropriately framed by plaintiffs: "[i]s there any possibility, even a slim one, that plaintiffs might recover against one of the forum defendants named in their complaints?" Dkt. No. 35 at 1.[1]

The reason for the focus on forum defendants is this: under 28 U.S.C. § 1441(b), even if complete diversity exists and the amount-in-controversy requirement is met, a case cannot be removed if any of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This rule, known as the "forum defendant rule," "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (citation omitted). Our Circuit has stated definitively that "[i]t is thus clear that the presence of a local defendant at the time removal is sought bars removal." *Id*.

The parties agree that one of the defendants, HF Interior LLC ("HFI"), is a citizen of California. *See*, *e.g.*, Dkt. No. 29 at 2, Dkt. No. 30 at 3. The case would therefore appear to present a straightforward example of a case that is barred from removal by the forum defendant rule. It also provides a concrete basis for understanding the rationale behind the rule. Here, the plaintiffs are Nevada citizens who are suing a number of defendants, none of whom is a Nevada citizen but one of whom is a citizen of California. The Nevada plaintiffs could have filed suit in this federal district court (where the Court would have diversity jurisdiction), had they wished to

---

[1] There is no discernible substantive difference among the briefs that were filed in each of the three related cases. For convenience, the Court cites only to the docket numbers of the briefs as filed in the lowest-numbered case, Case No. 15-cv-1652.

1    do so.  Instead, plaintiffs chose to initiate their lawsuits in California state court, knowing full well
2    of the risk that the state court could have a possible bias in favor of their own home state
3    defendant.  The forum defendant rule reflects the belief that there is a lesser need for the federal
4    court to exercise removal jurisdiction over cases such as these.  For these reasons, the Ninth
5    Circuit has held that the rule is procedural and waivable rather than jurisdictional so that a plaintiff
6    is empowered to decide whether to accept removal or seek to return to state court.  *Lively v. Wild*
7    *Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).  The rule honors the plaintiff's traditional
8    privilege to pick the place of litigation and "allows the plaintiff to regain some control over forum
9    selection by requesting that the case be remanded to state court."  *Id.*

10   The only wrinkle here is that M/Y SENSES argues that the citizenship of HF Interior, LLC
11   can and should be disregarded, because it is a fraudulently joined defendant.  *See* Dkt. No. 30 at 3
12   ("the only California defendant, HF Interior, LLC, was fraudulently joined and therefore irrelevant
13   for the forum defendant rule").  But the problem for defendant is that the bar for showing
14   fraudulent joinder is high and defendant has not crossed it.  To show that the joinder was
15   fraudulent, the burden is on the defendant to establish that "the plaintiff fails to state a cause of
16   action against a resident defendant, and the failure is obvious according to the settled rules of the
17   state."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "The removing party
18   must prove that 'there is absolutely no possibility that the plaintiff will be able to establish a cause
19   of action against the in-state defendant in state court.'"  *Blazek v. ADESA California, LLC*,
20   No. 09cv1509 BTM (BLM), 2009 WL 2905972, at *1 (S.D. Cal. Sept. 8, 2009) (quoting *Green v.*
21   *Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).

22   Here, defendant's argument is simply that plaintiffs have "wrongly named HF Interior,
23   LLC," when they should have named "HF Interior USA" instead.  Dkt. No. 30 at 3.  Defendant
24   has submitted a declaration from Curt Biller, the "sole member of HF Interior LLC," that states
25   that "HF Interior LLC was not involved in any way in the refit of M/Y SENSES at Bay Ship &
26   Yacht in 2014," and "[t]he entity that contracted with M/Y Senses LLC in early 2014 . . . was
27   called HF Interior USA."  Dkt. No. 32, Ex. O ¶¶ 2, 4, 5.  Mr. Biller's declaration goes on to state,
28

however, that "HF Interior USA is the trade name of SCV Woodworks, Inc. [and] I control SCV Woodworks, Inc. SCV Woodworks, Inc. does business as HF Interior USA." *Id.* ¶ 6.

These conclusory and rather opaque statements do not satisfy defendant's burden of eliminating any possibility of a claim against HF Interior, LLC. To the contrary, as plaintiff suggests, the record shows that HF Interior, LLC, HF Interior USA and SCV Woodworks, Inc. are related entities that are all owned and controlled by Mr. Biller in ways that are not transparent to outside observers and appear to be engaged in similar types of work, which are circumstances that clearly raise a "possibility that HF Interior, LLC could be liable to plaintiffs under the 'alter-ego' doctrine." Dkt. No. 35 at 5 (quoting statement in *Chan v. Society Expeditions*, 123 F.3d 1287, 1294 (9th Cir. 1997), that "[a]dmiralty courts may pierce the corporate veil in order to reach the alter egos of a corporate defendant. . . . Corporate separateness is respected unless doing so would work injustice upon an innocent third party."). The alter ego doctrine is complex in its own right with specific conditions that must be met prior to application, and it is not plaintiffs' burden to establish in a remand motion that they can prevail against HF Interior, LLC on such a theory. It is defendant's burden to show that there is no possibility that plaintiffs could do so, and M/Y SENSES has not met that burden.

## CONCLUSION

M/Y SENSES, the removing defendant, has failed to establish that defendant HF Interior, LLC, a California citizen, was fraudulently joined, and as a result, there exists in this case "a local defendant at the time removal is sought." *Spencer*, 393 F.3d at 870. Removal of this case is consequently barred under the forum defendant rule set forth in 28 U.S.C. § 1441(b).

All three of these related actions are remanded to the California Superior Court for the County of Alameda, and the Clerk of Court is asked to transmit a copy of this order to the clerk of the State court.

**IT IS SO ORDERED.**

Dated: September 4, 2015

_____
JAMES DONATO
United States District Judge